**REED SMITH LLP**
Diane A. Bettino, Esq.
506 Carnegie Center, Suite 300
Princeton, New Jersey 08540
Tel. (609) 514-5962
Fax (609) 951-0824
dbettino@reedsmith.com
*Attorneys for Defendant Wells Fargo Bank, N.A.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BENTZION HERMAN,<br><br>            Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK,<br><br>            Defendant. | Civil Action No.:<br><br>(Removed from the Supreme Court of the State of New York, County of Rockland, Index No. 030473/2024)<br><br>**NOTICE OF REMOVAL** |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), incorrectly identified as Wells Fargo Bank, hereby removes this action from the Supreme Court of the State of New York, Rockland County, to the United States District Court for the Southern District of New York. In support of this Notice of Removal, Wells Fargo states as follows:

### I.  BACKGROUND AND PROCEDURAL HISTORY

1. On January 24, 2024, Plaintiff Bentzion Herman ("Plaintiff") commenced this action in the Supreme Court of the State of New York, Rockland County, by filing a Complaint, under Index No. 030473/2024 (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. In the Complaint, Plaintiff asserts a credit reporting claim against Wells Fargo; wherein, Plaintiff alleges "Wells Fargo Bank reported false information to the three major credit reporting agencies, Experian, Transunion and Equifax, which caused a derogatory entry to be made on Plaintiff's credit report." *Exhibit A, ¶ 9.* Plaintiff further claims he reported his credit dispute, but that Wells Fargo allegedly "failed to re-investigate" and continued to negatively report on his credit account. *Id., ¶¶ 17-20.* Through the Complaint, Plaintiff seeks to challenge Wells Fargo's responsibilities as a furnisher of information to the credit reporting bureaus.

3. Wells Fargo was served with a copy of the Complaint on February 1, 2024.

4. This Notice of Removal is therefore timely, having been filed within thirty (30) days of the date on which Wells Fargo was served with Plaintiff's Complaint. *See* 28 U.S.C. §1446(b)(1).

## II.   REMOVAL TO THIS COURT IS PROPER

5. Removal of this action is proper under 28 U.S.C. § 1441(a), which allows for the removal of any civil action over which the district courts of the United States would have original jurisdiction.

6. While federal question jurisdiction is typically governed by the "well-pleaded complaint" rule and requires a federal claim to be alleged on the face of a pleading (*see Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987)), Wells Fargo removes this action under 28 U.S.C. § 1331 pursuant to the "artful-pleading doctrine."

7. "The artful-pleading doctrine, a corollary to the well-pleaded-complaint rule, rests on the principle that a plaintiff may not defeat federal subject-matter jurisdiction by 'artfully pleading' his complaint as if it arises under state law where the plaintiff's suit is, in essence, based

on federal law." *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 271 (2d. Cir. 2005) (citing *Rivet v. Regions Bank*, 522 U.S. 470, 475-76 (1998).

8. The artful pleading doctrine "'prevents a plaintiff from avoiding removal by framing in terms of state law a complaint the real nature of [which] is federal, regardless of plaintiff's characterization or by omitting to plead necessary federal questions in a complaint.'" *Rubin v. Mastercard Int'l, LLC,* 342 F. Supp. 2d 217, 219 (2d. Cir. 2004) (citing *D'Alessio v. N.Y. Stock Exch., Inc.*, 258 F.3d 93, 100 (2d. Cir. 2001) (internal citations omitted)). The artful-pleading doctrine allows removal where federal law preempts a plaintiff's state-law claim. *Sullivan*, 424 F.3d at 272 (quoting *Rivet*, 522 U.S. at 475).

9. To that end, it is well-established that a challenge to a furnisher's credit reporting responsibilities are exclusively within the purview of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq. See Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437, 449 (2d Cir. 2015) (holding that 15 U.S.C. § 1681t(b)(1)(F) preempts "claims that concern a [financial institution's] responsibilities as a furnisher of information under the FCRA."). For this reason, removal is proper under the artful pleading doctrine because Plaintiff's alleged contractual claim solely challenges the propriety of Wells Fargo's reporting under the FCRA.

10. Accordingly, this action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 in that it is a civil action arising under the laws of the United States, specifically the FCRA. *See generally,* Exhibit A.

11. The Supreme Court of the State of New York, Rockland County, is located within the United States District Court for the Southern District of New York. Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

12. Accordingly, had the Complaint been brought in the United States District Court for the Southern District of New York in the first instance, this Court would have had original jurisdiction over the subject matter under 28 U.S.C. § 1331. As a result, this action is properly removable to this Court pursuant to the provisions of 28 U.S.C. § 1441.

### III. REMOVAL TO THIS COURT MEETS THE PROCEDURAL REQUIREMENTS

14. <u>Removal is Timely</u>. Wells Fargo was served with the Summons and Complaint on February 1, 2024 and, therefore, this Notice of Removal is timely in that it is filed within thirty (30) days after service upon Wells Fargo of a copy of the initial pleading setting forth the removable claim. See 28 U.S.C. § 1446(b).

15. <u>Notice</u>. Wells Fargo will promptly serve Plaintiff and file with this Court its Notice of Removal, informing Plaintiff that this matter has been removed to federal court. *See* 28 U.S.C. §§ 1446(a), (d). Wells Fargo will also promptly file with the Clerk of the Supreme Court of the State of New York, Rockland County, and serve on Plaintiff, a Notice of Removal to Federal Court, pursuant to 28 U.S.C. § 1446(d).

16. <u>Pleadings and Process Have Been Provided</u>. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit B** is a copy of the docket from the State Court Action. Wells Fargo will supplement this Removal with remaining pleadings and orders filed with the state court in the state court action, if any, as soon as they are received.

17. <u>This is the Only Request for Removal.</u> Wells Fargo has not made a previous application for the relief requested herein.

**WHEREFORE**, Defendant Wells Fargo Bank, N.A. gives notice that this action is removed from the Supreme Court of the State of New York, Rockland County, to the United States

- 5 -

District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

Dated: February 20, 2024

**REED SMITH LLP**

*/s/Diane A. Bettino*
Diane A. Bettino